[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 27, 2007
THOMAS K. KAHN
CLERK

No. 06-13212
Non-Argument Calendar

_____

BIA Nos. A96-285-799 & A93-318-971

MICHAEL JOSEPH GOMEZ GOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 27, 2007)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Michael Gomez, a Colombian national, petitions this Court for review of an

Immigration Judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA § 208, 8 U.S.C. § 1231; 8 C.F.R. § 208.16(c).[1]

The Attorney General has the discretion to grant asylum to an individual in the United States who demonstrates a well-founded fear of persecution on account of his race, religion, nationality, membership in a particular social group or political opinion.[2]  See 8 U.S.C. § 1101(a)(42)(A).  The applicant bears the burden of establishing eligibility for asylum based on "credible, direct, and specific evidence."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotations and citation omitted).  If credible, an alien's testimony may be sufficient, without corroboration, to sustain this burden of proof.  Id.  "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application."  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) (internal citations omitted); see also Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (IJ's denial of asylum and withholding of removal can be

---

[1] Gomez failed to raise the issue of CAT relief before the BIA, and, therefore, failed to exhaust his administrative remedies, depriving us of jurisdiction to consider the issue now.  See Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 n.5 (11th Cir. 2003).

[2] To qualify for withholding of removal, an applicant must show that it is more likely than not that, if returned to his country of origin, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. 1231(b)(3).

2

supported solely by an adverse credibility finding.).

In this case, the IJ denied relief after concluding that Gomez had firmly resettled in Ecuador, where he had obtained residency and lived for several years before coming to the United States, and that Gomez was not a credible witness. In particular, the IJ found that Gomez's claim was substantially undermined by his testimony that he frequently traveled between Ecuador and Colombia after having fled Colombia to avoid persecution by the Revolutionary Armed Forces of Colombia ("FARC"). The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion. Where the BIA summarily affirms an IJ's opinion, the IJ's decision becomes the final order subject to review. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n. 1 (11th Cir.2003).

Gomez argues that the IJ and BIA erred in denying him asylum and withholding of removal because he presented sufficient evidence to show past persecution and a well-founded fear of future persecution. He further contends that he was not firmly resettled in Ecuador because he had not obtained the benefits or protection of a citizen there. He does not, however, challenge the IJ's adverse credibility finding.

For there to be an adverse credibility determination, the IJ must have made an explicit, clean determination of credibility. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "Once an adverse credibility finding is made, the

3

burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations omitted).

Here, the IJ made an explicit adverse credibility determination against Gomez. Gomez, however, has not argued that this finding was in error, and therefore has not met this burden to show that the finding was not supported by specific, cogent reasons or based on substantial evidence. Indeed, by not raising the issue at all, Gomez has abandoned it. See Ruiz, 440 F.3d at 1256 n.6 (11th Cir. 2006) (citation omitted).

After careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Accordingly, Gomez's petition is denied as to his claims for asylum and withholding of removal, and dismissed as to his claim for CAT relief.

**DENIED IN PART; DISMISSED IN PART.**